# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LINDSAY WIKERT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 02: 07cv1438 |
| | ) | |
| PENNSYLVANIA DEPARTMENT OF | ) | |
| TRANSPORTATION, WILLIAM HOOK, and | ) | |
| NEVIN CUMPTON,[1] | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

January 17, 2008

Presently before the Court is the PARTIAL MOTION TO DISMISS, with brief in support filed by Defendants (*Document Nos. 6 and 7, respectively*) and the RESPONSE AND BRIEF IN OPPOSITION filed by Plaintiff (*Document Nos. 9 and 10, respectively*). The matter has been fully briefed by the parties and is ripe for disposition. For the reasons that follow, the motion will be granted.

## Background

Plaintiff initiated this lawsuit on October 23, 2007, by the filing of a seven-count Complaint in which she alleges that she was sexually harassed while employed as an intern by Pennsylvania Department of Transportation ("PennDOT"). Specifically, Plaintiff alleges that each of the individual defendants engaged in improper behavior of a sexual nature that resulted in a hostile work environment; that Defendants failed to respond adequately to her complaints

---

[1] According to the Defendant, Defendant Nevin Cumpston was improperly identified as "Nevin Cumpton" in the Complaint. *See* Defs' Mot. For purposes of this Memorandum Opinion, the correct spelling of Defendant Cumpston's name will be used.

about such alleged behavior, and that Defendants retaliated against her by giving her lesser responsibilities after she complained about the alleged inappropriate behavior.

Plaintiff's Complaint alleges the following causes of action against all the defendants:

Count I - "Employment Discrimination and Sexual Harassment Under Title VII"

Count II - "Retaliation Under Title VII;"

Count III - "Violation of 42 U.S.C. § 1983;"

Count IV - "Violation of the Pennsylvania Human Relations Act;"

Count V - "Intentional Infliction of Emotional Distress;"

Count VI - "Negligent Infliction of Emotional Distress;" and

Count VII - "Breach of Contract."

Defendants have brought the instant partial motion to dismiss Counts IV, V, VI, and VII of Plaintiff's Complaint under Federal Rule of Civil Procedure 12(b)(1). Defendants contend that Eleventh Amendment immunity and sovereign immunity bar the Pennsylvania state law claims against PennDOT and the individual defendants, who are employees of PennDOT.[2]

---

[2] The individual defendants are named in the Complaint not in their individual capacities, but strictly as employees of PennDOT. Defendant William Hook "was the Wikert's (sic) supervisor during her internship;" Defendant Nevin Cumpston "occasionally supervised Wikert during her internship. . . ."

2

**Discussion**

First, Defendants move to dismiss Counts IV, V, VI, and VII on the grounds that they are immune from suit by virtue of the Eleventh Amendment to the United States Constitution, which provides,

> The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State.

It is well established that absent consent by a state, the Eleventh Amendment bars a civil rights suit in federal court that names the state as a defendant. *Edelman v. Jordan,* 415 U.S. 651, 663 (1974). By statute, Pennsylvania has specifically withheld consent to suit in federal courts:

> Federal courts. Nothing contained in this subchapter shall be construed to waive the immunity of the Commonwealth from suit in Federal courts guaranteed by the Eleventh Amendment to the Constitution of the United States.

42 Pa. Cons. Stat. Ann § 8521(b). The bar of the Eleventh Amendment extends to suits against departments or agencies of the state having no existence apart from the state. *Laskaris v. Thornburgh*, 661 F.2d 23, 25 (3d Cir. 1981) (*citing Mt. Healthy City Board of Education v. Doyle*, 429 U.S. 274, 280 (1977)). Likewise, official capacity suits are nothing more than suits against an official's employing agency. *Kentucky v. Graham,* 473 U.S. 159 (1985); *Laskaris,* 661 F.2d at 26.

The Pennsylvania Department of Transportation has been held to be "an executive agency of the state, controlled by the Commonwealth and acts as its 'alter ego' in accomplishing a public purpose which is in part to construct and maintain the state roadways

3

using state tax revenues and employing state agencies under the control of the state executive branch." PennDOT is therefore generally immune from suit in federal court under the Eleventh Amendment. *See Holdampf v. Fidelity & Casualty Company of New York*, 793 F. Supp. 111, 115 (W.D. Pa. 1992); *Goad v. Pennsylvania Department of Transportation*, 530 F. Supp. 342, 344 (W.D. Pa. 1981). *See also* 42 Pa.C.S. § 8501.

The Plaintiff does not contest that PennDOT is entitled to immunity under the Eleventh Amendment and, in fact, concedes that PennDOT is a state agency. *See* Complaint, ¶ 8 ("PennDot is a Pennsylvania State Agency . . . .") Accordingly, PennDOT is entitled to immunity under the Eleventh Amendment from the state law claims alleged in Counts IV, V, VI, and VII of the Complaint. Additionally, the individual defendants acting in their official capacities are likewise entitled to immunity under the Eleventh Amendment from the state law claims alleged in Counts IV, V, VI, and VII of the Complaint.

Defendants also to dismiss Counts V and VI on the ground that these state tort claims are barred by the doctrine of sovereign immunity. By statute in Pennsylvania, "the Commonwealth, and its officials and employees acting within the scope of their duties, shall . . . enjoy sovereign and official immunity . . . except as the General Assembly shall specifically waive the immunity." 1 Pa.C.S.A. § 2310; *See also Shoop v. Dauphin County*, 766 F. Supp. 1327, 1333-34 (M.D. Pa.), *aff'd,* 945 F. Supp. 396 (3d Cir. 1991), *cert. denied,* 502 U.S. 1097 (1992).

The Pennsylvania General Assembly has "reaffirmed by statute the concept of immunity for the Commonwealth and its employees." *Shoop*, 766 F. Supp. at 1333. Under 1 Pa. Const. Stat. Ann. § 2310, "the Commonwealth, and its officials and employees acting

within the scope of their duties, shall continue to enjoy sovereign and official immunity." This language has been held to immunize State employees acting within the scope of their duties for even their intentional torts. *See Pierce v. Montgomery County Opportunity Board*, 884 F. Supp. 965, 972 (E.D. Pa. 1995); *Holt v. Northwest Pennsylvania Training Partnership Consortium, Inc.*, 694 A.2d 1134, 1137 (Pa. Commw. Ct. 1997) ("A Commonwealth defendant cannot be held liable for damages arising out of an intentional tort"); *LaFrankie v. Miklich*, 618 A.2d 1145, 1149 (Pa. Commw. Ct. 1992) ("Commonwealth employee is protected by sovereign immunity from the imposition of liability for intentional tort claims").

In *Shoop*, the court noted that the General Assembly has specifically enumerated nine (9) exclusive exceptions to the general grant of immunity described above. These exceptions are for damages caused by "negligent acts involving: 1) the operation of a motor vehicle in the control or possession of a Commonwealth party; 2) health care employees; 3) care, custody or control of personal property; 4) Commonwealth-owned property; 5) potholes or other dangerous conditions; 6) care, custody or control of animals; 7) liquor store sales; 8) National Guard activities; and 9) toxoids and vaccines. 42 Pa. Cons. Stat. Ann. § 8522." *Shoop,* 766 F. Supp. at 1334. None of these exceptions apply in the instant case.

In response to the sovereign immunity argument, Plaintiff argues that whether or not the individual defendants were acting within the scope of their employment is a factual determination, not yet ripe for determination by this Court. However, the Complaint at no time alleges that the individual defendants ever acted outside the scope of their duties. In fact, the Complaint alleges that "[t]he unlawful employment practices endured by Wikert were

5

manifested through on-going incidents and events that include, but are not limited to the following:

> a. Wickert was subjected to a continuous and ongoing hostile work environment, disparate treatment, harassment, flirtatious sexual overtures, humiliation, and discrimination, all within the protected parameters of her <u>workplace environment</u> and all because of her gender.
>
> b. On May 12, 2006, Cumpton forced Wikert to climb ladders, even though Cumpton was advised of Wikert's fear of heights. While climbing one of the ladders, Cumpton said, in front of others, "don't worry we are not looking at your ass." Wikert was embarrassd and uncomfortable with this comment and felt that it was <u>completely inappropriate in the work place</u>.
>
> . . .
>
> d. Cumpton physically placed his hand on Wikert's head, made a sucking noise, and said, "the brain sucker sucked all of your brains out blondie." Wikert was extremely hurt, offended, and embarrassed by this action, and felt that it was <u>completely inappropriate in the work place</u>."
>
> . . .

Complaint, Paragraph 17 (emphasis added).

Taking the allegations in the Complaint as true, the Court finds and rules that Plaintiff has pleaded facts which establish that the individual defendants were acting within the scope of their employment and, therefore, are entitled to sovereign immunity on Counts V and VI of the Complaint.

Last, Defendants also contend that this Court lacks jurisdiction over Plaintiff's breach of contract claim (Count VII). The Court agrees. Under 62 Pa.C.S.A. § 1724, Pennsylvania has waived sovereign immunity over certain breach of contract claims against Pennsylvania agencies. However, jurisdiction over these claims is vested <u>exclusively</u> in the Pennsylvania Board of Claims, and not this Court. 62 Pa.C.S.A. § 1724; *see also Seeney v. Kavistsky*, 866 F.Supp. 206, 210 (E.D. Pa. 1994) (dismissing breach of contract claim against

the Commonwealth of Pennsylvania for lack of jurisdiction). Thus, Count VII of the Complaint shall be dismissed as a matter of law.

**Conclusion**

For these reasons, the Court finds and rules that all of the Pennsylvania state law claims against PennDOT and the individual defendants are dismissed as a matter of law.

An appropriate Order follows.

McVerry, J.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LINDSAY WIKERT, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) 02: 07cv1438 |
| | ) |
| PENNSYLVANIA DEPARTMENT OF | ) |
| TRANSPORTATION, WILLIAM HOOK, and | ) |
| NEVIN CUMPSTON, | ) |
| | ) |
| Defendants. | ) |

## ORDER OF COURT

AND NOW, this 17th day of January, 2008, in accordance with the foregoing Memorandum Opinion, it is hereby **ORDERED, ADJUDGED AND DECREED** that the Partial Motion to Dismiss filed by Defendants is **GRANTED** and Counts IV, V, VI, and VII are dismissed as a matter of law.

Defendants shall answer the remaining counts of the Complaint on or before January 31, 2008.

BY THE COURT:

s/Terrence F. McVerry
United States District Court Judge

cc: Justin R. Lewis, Esquire
The Cook Law Group, LLC
Email: jlewis@thecooklawgroup.com

Mary Lynch Friedline
Office of Attorney General
Email: mfriedline@attorneygeneral.gov

Paul R. Scholle
Office of the Attorney General
Email: pscholle@attorneygeneral.gov